PER CURIAM.
This is an appeal by Charles A. Berridy from a final judgment of the circuit court denying a petition for writ of certiorari contending that his dismissal from employment as a police officer with the Dade County Public Safety Department was in violation of the Personnel Rules and Code of Metropolitan Dade County. The sole question raised by Berridy and to be resolved on this appeal is whether his dismissal by the assistant director, rather than the director, of the Public Safety Department, was in accordance with the County Code and Personnel Rules.
*524 The record reflects that on October 4, 1974, Harold W. Barney, then Assistant Director of the Public Safety Department, notified Berridy by letter that he was dismissed from his position as a police office for conduct unbecoming a county employee, and for violating provisions of departmental rules. On appeal, a hearing examiner found that Harold W. Barney was the head of the Department at the time of Berridy’s dismissal and entered an order upholding the dismissal. In his petition for writ of certiorari in the circuit court, Berridy attacked the validity of his dismissal, the constitutionality of the county’s rules and regulations and the sufficiency of the evidence. The circuit judge entered a final judgment denying the petition for writ of certiorari.
Chapter VIII, Section 5, of the Metropolitan Dade County Personnel Rules provides as follows:
“Section 5. Suspension, Dismissal, Reduction In Grade and Appeals:
Any permanent employee may be suspended without pay, reduced in grade or dismissed by the head of his department for any cause which will promote the efficiency of the County Service. Prior to taking such action, the department head shall consult with the Personnel Director about the circumstances of any such suspension, reduction in grade or dismissal of a permanent employee. A written statement of the reasons for the action shall be furnished to every permanent employee suspended, reduced in grade or dismissed . . . ” (emphasis supplied)
The Personnel Rules also contain the following definition of “department head:”
“DEPARTMENT HEAD shall mean an officer or employee designated by the County Manager or the Board of County Commissioners to be the head of a department and who shall be authorized to appoint or remove employees of his department over which he has jurisdiction, subject to these rules.”
From the record, we find that effective August 15, 1973, the County Manager, by administrative order, reorganized the Public Safety Department and set out the duties of the assistant director as follows:
“Executes departmental policies and coordinates departmental operations under the guidance of the Director; Reviews divisional activities and performance and makes policy recommendations to the Director; Assumes command in the absence of the Director.” (emphasis supplied)
We further find from the record that on August 6, 1974, E. Wilson Purdy, Director of the Public Safety Department, prepared a leave request for the period from October 4, 1974, through November 1, 1974, which request was approved by the County Manager. On September 30, 1974, Purdy prepared and circulated a memorandum concerning his annual leave which stated: “During my annual leave, October 4 to November 1, 1974, Assistant Director, Harold W. Barney, is in charge of this Department.”
Given the foregoing definition of “department head” together with the administrative order providing that the assistant director assumes command in the absence of the director, and the memorandum of Director Purdy that in his absence, Assistant Director Barney was in charge of the Public Safety Department, we hold that on October 4, 1974, the date on which Berridy was dismissed from his employment, Assistant Director Barney was the department head, and was authorized to remove employees of his department. The circuit judge not having departed from the essential requirements of law in denying the petition for writ of certiorari, the final judgment herein appealed is affirmed.
Affirmed.